Page: 2 of 3

## IV. SUPPORTING FACTS

5.) During or around the First Quarter of the year 2014, the Defendant began providing canteen services to New Mexico Corrections Department (hereinafter "NMCD") Prisoners, per Contract with the NMCD. The "Contract" itself, or the contents and provisions thereof, was never brought to the attention of, or otherwise any discription of provided to, the Plaintiff or, upon information and belief, any other NMCD Prisoners.

6.) Before this Contract with the Defendant, the NMCD itself provided canteen services to its Prisoners.

7.) The Contract layed an extreme burden upon NMCD Prisoners, including Plaintiff, by appointing rediculously high prices to the canteen items sold to them (see EXHIBITS B., C. and D.), especially those in segregation who are unable to hold jobs and those who have no family or any other means of public assistance, who must rely on the usual amount of around five Dollars ($5.00) per-month from their full-time jobs. Such a burden may even contribute to the perpetuation of Prisoners' Criminal activities and constitute a direct threat to their rehabilitation of offenders and recidivism reduction, as they may result to the introduction and distribution of drugs or other contraband so that they can afford to indulge in the somewhat "exotic" Commodities of canteen services, for example.

8.) In addition to the outrageous prices, the Defendant distributes and sales items to Plaintiff and other NMCD prisoners' in singular quantities which are required to be sold in boxed or otherwise packaged multiple quantities. These items include, but are not limited to, items such as soap and Oatmeal and Pop-Tarts and other snack-cake products. For instance, the Defendant sells to Plaintiff and other NMCD Prisoners Irish Spring and Lever 2000 brands bar soap individually, rather than in packages of three (3); the individual boxes of Lever 2000 bar soaps themselves indicate "NOT FOR INDIVIDUAL SALE" (see EXHIBIT E.). The Defendant has actually gone as far as to use a marker to mark-out and conseal this indication so that the Consumer — Plaintiff and other NMCD Prisoners — be unaware of it (see EXHIBIT E.).

9.) The Defendant also appoints different prices to identicle items in different NMCD prisons (see EXHIBITS B., C. and D.). For example, a pack of Ramen noodle soup in the Lee County Correctional Facility in Hobbs, New Mexico (hereinafter "LCCF"), is priced at forty-seven cents (.47), while the same exact item is priced at thirty cents (.30) at the Penitentiary of New Mexico (hereinafter "PNM"). Another example is that a bottle of Suave Lotion a LCCF is priced at two-dollars and twenty-six cents ($2.26), while at PNM the same exact item is priced at four-dollars and sixty cents ($4.60) — more than doubled. PNM and LCCF are both NMCD prisons, and the Defendant services both prisons in the same capacity.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter Judgment against the Defendant as follows:

10.) A Declaration that the acts and omissions described herein violate Plaintiff's rights