**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

DAKOTA CLAY AHLGRIM,

Plaintiff,

v. Civ. No. 16-177 JB/GJF

KEEFE GROUP, LLC.,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on "Defendant Keefe Commissary Network's Motion to Dismiss" ("Motion"), filed on April 5, 2016.[1] ECF No. 5. Plaintiff filed his "Opposition to Defendant's Motion to Dismiss" ("Response") on April 14, 2016. ECF No. 6. Having reviewed the record, the parties' briefing, and relevant case law, the undersigned **RECOMMENDS** for the following reasons that Defendant's Motion be **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff is an inmate at the Penitentiary of New Mexico Level VI maximum security facility in Santa Fe, New Mexico. Pl.'s Compl. 1, ECF No. 1. He was convicted of battery on a police officer and aggravated burglary with a deadly weapon. Def.'s Mot. to Dismiss 1, ECF No. 5. Defendant is the parent corporation for the entity that operates the New Mexico State Penitentiary Commissary pursuant to a contract with the New Mexico Corrections Department. *Id.* Plaintiff asserts that, under this contract, the prices for commissary items, including soap, Pop-Tarts, and Ramen noodles, are "outrageous" and violate his constitutional and statutory rights. Pl.'s Compl. 1-3, ECF No. 1.

[1] On March 21, 2016, U.S. District Judge James O. Browning referred this case to the undersigned for recommended findings and disposition. ECF No. 3.

## II. PROCEDURAL BACKGROUND

Plaintiff initiated this suit in the First Judicial District Court of Santa Fe County, New Mexico on February 15, 2016. Pl.'s Compl. 1, ECF No. 1. Plaintiff's Complaint alleges six causes of action: (i) false advertisement and/or false promotion; (ii) price discrimination; (iii) price fixing, (iv) unjust enrichment; (v) Clayton Act violations; and (vi) advertant negligence. *Id.* In addition to monetary damages in the amount of $250,000, Plaintiff also requested "a declaration that the acts and omissions described herein violate [his] rights under the Constitution and laws of the United States and the State of New Mexico, as well as State and Federal laws including, but not limited to, the Clayton Act and other Antitrust laws." *Id.*

On March 11, 2016, Defendant removed the case to this Court. Notice of Removal, ECF No. 1. Upon Court order [ECF No. 8], Defendant filed an Amended Notice of Removal on May 6, 2016. Restated Notice of Removal, ECF No. 9. Defendant filed the instant Motion on April 5, 2015. Def.'s Mot. to Dismiss, ECF No. 5. Plaintiff responded on April 14, 2016. Pl.'s Opposition to Def.'s Mot. to Dismiss, ECF No. 6. Defendant elected not to reply.

## III. ISSUES PRESENTED

In its Motion, Defendant asserts Plaintiff's Complaint should be dismissed pursuant to New Mexico Rules 1-012(B)(1) and 1-012(B)(6). Mot. to Dismiss, ECF No. 5. The federal counterparts to these rules are 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and are controlling in this matter.[2] Defendant asserts three arguments as to why its Motion should be granted: (i) Plaintiff did not exhaust administrative remedies, thereby depriving this Court of

[2] Defendant's Motion to Dismiss cites both New Mexico substantive law and procedural law. When a federal court is sitting in diversity, it is mandated to apply state substantive law of the state in which it is sitting to resolve claims under state law, but it applies federal procedural law in doing so. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also James River Ins. Co. v. Rapid Funding, LLC.*, 658 F.3d 1207, 1217 (10th Cir. 2011) ("In a federal court diversity case, '[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.'").

subject matter jurisdiction; (ii) Plaintiff's allegations fail to state a claim upon which relief may be granted; and (iii) Plaintiff's claim for violation of his rights is without a basis in law.

## IV. DISCUSSION

### A. PLAINTIFF'S FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

#### 1. Plaintiff's Inherently Federal Claims

Although Plaintiff insists in his response to the Motion to Dismiss that he is bringing only state claims, it appears that his complaint also alleges a federal Clayton Act violation as well as a nebulous reference to a violation of his "rights under the Constitution and laws of the United States[.]" Pl.'s Compl. 1-3, ECF No. 1. Thus, the Court will analyze Plaintiff's inherently federal claims first before analyzing his state claims.

Plaintiff's federal claims are governed by the Prison Litigation Reform Act, which states in relevant part:

> (1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.
>
> (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997(e)(c) (2013).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)). "In

determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (citing *Breidenbach v. Bolish*, 126 F.3d 1288, 1292 (10th Cir. 1997)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Although the Court affords his filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), it does not craft arguments for him nor otherwise act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). After careful review of Plaintiff's complaint, the Court has determined that Plaintiff's overriding concern is that the commissary prices in the prison are too high for items he purchases, including soap, oatmeal, Pop-Tarts, and Ramen noodles. In addition to declaratory relief, Plaintiff also is requesting $250,000 in damages because the prices are "outrageous." Pl.'s Compl. 1-3, ECF No. 1. In pursuit of these remedies, Plaintiff alleges six causes of action: (i) false advertisement and/or false promotion; (ii) price discrimination; (iii) price fixing, (iv) unjust enrichment; (v) Clayton Act violations; and (vi) advertant negligence. *Id.* Additionally, Plaintiff claims the burden of the commissary prices violate "[his] rights under the Constitution and Laws of the United States and the State of New Mexico . . . " *Id.* The Court reviews each of Plaintiff's six causes of action separately to determine if, under a reasonable set of circumstances, Plaintiff could state a plausible claim.

**i. Clayton Act Violations**

15 U.S.C. § 13, more commonly known as the Clayton Act, states in relevant part:

> It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them …

15 U.S.C. § 13(a) (1936). The authority to enforce this provision of the Clayton Act is vested in government actors, depending on the type of alleged violation. *See* 15 U.S.C. § 21 (1995). Enforcement of any potential action under this Act will be strictly in the province of the Federal Trade Commission and the United States Attorney General. 15 U.S.C. § 21(a) (1995).

Because the enforcement of the Clayton Act is limited to the aforementioned government actors, Plaintiff therefore has no private right of action. The undersigned therefore recommends this cause of action be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief could be granted.

**ii. Section 1983 Claim**

Defendant argues that any claim that Plaintiff has brought or might bring under 42 U.S.C. § 1983 would fail for two reasons: (1) Defendant is a private commercial vendor that was not acting under the color of state law in providing commissary services, and (2) prisoners have no constitutional right to a commissary in any event. *See* Def. Keefe Commissary Network's Mot. to Dismiss 5, ECF No. 5. In response, Plaintiff contends his claim is a "state tort in civil court; it is not a civil rights / 42 U.S.C. § 1983 lawsuit." *See* Pl.'s Resp. 1, ECF No. 6. However, in this

Court's view, Plaintiff's only avenue for bringing a claim that his federal constitutional rights have been violated under these circumstances would be through a Section 1983 claim. The Court agrees with Defendant that, to the extent Plaintiff is claiming a federal constitutional violation pursuant to Section 1983, Plaintiff's claim must fail.

This Court has found no precedent (nor has it been referred by the parties to any) that holds that a private corporation acts under color of law by contracting with a state prison for the purposes of supplying commissary products to prisoners. But there is authority for the contrary proposition that access to a prison commissary is not a right, but only a privilege. *See Klein v. Chester*, No. CIV-12-33-HE, 2012 WL 1371408, at *1 (W.D. Okla. Feb. 24, 2012) (unpublished) (quoting *Ameri. Mfrs. Mut. Ins. Co. v. Sullivan*, 532 U.S. 40, 49-50 (1999)). *See also McCall v. Keefe Supply Co.*, 71 Fed.Appx. 779 (10th Cir. 2003) (in holding that a prisoner's assertion that the prices of stamps were outrageous, unfair, and against the morals of society failed to state a claim under the United States Constitution, the court observed that there is no constitutionally protected interest in buying stamps as cheaply as possible.); *DeBrew v. Atwood*, 792 F.3d 118, 129 (D.C. Cir. 2015) (allegations of high markup rates for commissary items and extraordinarily high rates for telephone calls were insufficient to state a plausible claim for relief under the Eighth Amendment because the Constitution does not guarantee the right of an inmate to purchase a good or service at a particular price.). Consequently, Plaintiff cannot state a cognizable claim of deprivation of rights under the United States Constitution. To the extent that Plaintiff's complaint can be read to include such a claim, the undersigned recommends this cause of action be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief could be granted.

**2. Plaintiff's State Claims**

In Plaintiff's briefing, most particularly his opposition to Defendant's Motion to Dismiss, he insists that his claims arise only under state law. ECF No. 6. Therefore, the undersigned has construed the rest of his claims as arising only under state law.

**i. False Advertisement and/or False Promotion**

Under New Mexico law, false advertising is unlawful "in the conduct of any business, trade or commerce or in the furnishing of any service in this state." NMSA 1978, § 57-15-1 (1965). False advertising is defined as

> advertising, including labeling, which is misleading in any material respect; and in determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

NMSA 1978, § 57-15-2 (1965). The statute, by design, instructs the New Mexico Attorney General to be solely responsible for its enforcement. *See* NMSA 1978, § 57-15-8 (1967).[3]

Because the enforcement of the laws governing false advertising is limited to the New Mexico Attorney General, or by delegation to the district attorneys of the state, Plaintiff therefore has no private right of action. The undersigned therefore recommends this cause of action be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief could be granted.

---

[3] The full text of the statute reads:

> In order to promote the uniform administration of this act in New Mexico, the attorney general is to be responsible for its enforcement, but he may in appropriate cases delegate this authority to the district attorneys of the state and when this is done, the district attorneys shall have every power conferred upon the attorney general by this act.

NMSA 1978, § 57-15-8 (1967).

**ii. Price Discrimination**

The New Mexico Price Discrimination Act makes it illegal for any person engaged in commerce to intentionally, and for the purpose of destroying competition, to:

> (1) discriminate in price between different purchasers of commodities of like grade and quality; or
> (2) discriminate in price between different sections, communities or cities in this state where the effect is to lessen competition substantially, to create a monopoly in any line of commerce or to injure, destroy or prevent competition with any person who grants or knowingly receives the benefit of the discrimination, or with customers of either.

NMSA 1978, § 57-14-3 (1961).

In his complaint, Plaintiff argues the contract between the New Mexico Corrections Department and the Defendant has

> layed an extreme burden on NMCD Prisoners, including [himself], by appointing rediculously [sic] high prices to the canteen items sold to them, especially those in segregation who are unable to hold jobs and those who have no family or any other means of public assistance, who must rely on the usual amount of around five Dollars ($5.00) per-month from their full-time jobs.

Pl.'s Compl. 2, ECF No. 1. Though Plaintiff alleges a personal burden that the prices are, in his opinion, too high, he does not allege facts sufficient to cause the Court to question whether the company's pricing was intended to achieve, and established for, the purpose of destroying competition. Plaintiff does not allege that Defendant undercuts any other competitor for the purpose of creating a monopoly. Instead, he complains only of prices that are (in his view) unreasonably *high*, a fact that, if true, would actually disserve the purpose of creating a monopoly. Because the complaint fails to allege facts that, if true, would make his claim of price discrimination plausible on its face, the undersigned recommends this cause of action be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief could be granted.

**iii. Price Fixing**

Construing Plaintiff's complaint liberally, the Court interprets Plaintiff's cause of action for "price fixing" as a claim that Defendant violated the New Mexico Antitrust Act, which states that "every contract, agreement, combination or conspiracy in restraint of trade or commerce, any part of which trade or commerce is within this state, is unlawful." NMSA 1978, § 57-1-1 (1987). The New Mexico Supreme Court has held that in order to prove a cause of action under this Antitrust Act, "[the Act] shall be construed in harmony with judicial interpretations of the federal antitrust laws. This construction shall be made to achieve uniform application of the state and federal laws prohibiting restraints of trade and monopolistic practices." *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 18, 242 P.3d 280, 292 (N.M. 2010).

The Antitrust Act, by design, instructs the New Mexico Attorney General to be solely responsible for its enforcement. *See* NMSA 1978, § 57-1-10 (1979).[4] Because the enforcement of the laws governing price fixing is limited to the New Mexico Attorney General, or by delegation, the district attorneys of the state, Plaintiff has no private right of action. The undersigned therefore recommends this cause of action be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief could be granted.

**iv. Unjust Enrichment**

Unjust enrichment is a common law principle under which "a person who has been unjustly enriched at the expense of another is required to make restitution to the other." *See* RESTATEMENT (FIRST) OF RESTITUTION § 1 (1937): UNJUST ENRICHMENT (2016). In order to

[4] The full text of the statute reads:

> In order to promote the uniform administration of the Antitrust Act in New Mexico, the attorney general is to be responsible for its enforcement, but he may, on a case-by-case basis, delegate this authority to the district attorneys of the state and when this is done, the district attorneys shall have every power and duty conferred upon the attorney general by this act.

NMSA 1978, § 57-1-10 (1979)

prevail on a claim for unjust enrichment, a party must show that "(1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *City of Rio Rancho v. Amrep Southwest Inc.*, 2011-NMSC-037, ¶ 54, 260 P.3d 414, 428-29 (2011). New Mexico law does permit a claim for restitution "in an action based for example on quasi-contract, as distinct from a claim based on an actual contract, express or implied but resting on the mutual assent of the parties." *See Hydro Conduit Corp. v. Kemble*, 1990-NMSC-061, ¶ 8, 793 P.2d 855 (1990).

To state a viable claim for unjust enrichment, mutual assent is a key element. Plaintiff asserts this theory on the basis that the contract between Defendant and the New Mexico Corrections Department "was never brought to the attention of, or otherwise any discription of provided to, the Plaintiff or, upon information and belief, any other NMCD Prisoners." Pl.'s Compl. 2, ECF No. 1. However, as a prisoner, Plaintiff is not and under no circumstances would be a party to a contract between the New Mexico Corrections Department and a private vendor. Consequently, there cannot be mutual assent in a situation in which one party was never involved in the contract. Because the complaint fails to allege facts that, if true, would make his claim of unjust enrichment plausible on its face, the undersigned recommends this cause of action be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief could be granted.

**v. Advertant Negligence**

A negligence claim under New Mexico law requires that the plaintiff establish four elements: "(1) defendant's duty to the plaintiff, (2) breach of that duty, typically based on a reasonable standard of care, (3) injury to that plaintiff, and (4) the breach of duty as cause of the injury." *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 22, 335 P.3d 1243, 1249 (N.M. 2014).

Plaintiff's claim fails at least at the first two steps. There is no reasonable set of circumstances under which Plaintiff could allege Defendant, a private vendor, owed him any duty. And just as evident, there is no plausible scenario under which a prison commissary vendor could be found to have breached a duty by establishing a price structure for the goods it sells. Because the complaint fails to allege facts that, if true, would make his claim of negligence plausible on its face, the undersigned therefore recommends this cause of action be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief could be granted.

**B. Opportunity to Amend Complaint**

Though the court may dismiss a complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), it should not do so "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Although the court has discretion to allow a plaintiff the opportunity to amend his complaint, a court may decline to do so "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)).

For the foregoing reasons, the undersigned recommends that Plaintiff be denied any opportunity to amend his complaint because doing so would be futile.

**V. CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.[5]

[5] Because of the recommended disposition of Defendant's Motion to Dismiss, the undersigned further RECOMMENDS that Defendant's Motion to Stay Discovery [ECF No. 10] and Plaintiff's Motion for Summary Judgment [ECF No. 4] be DENIED as moot.

**IT IS SO RECOMMENDED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**